## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH AMABLE and KAITLYN AMABLE, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>THE NEW SCHOOL,<br><br>     Defendant. | Civil Action No. 20-cv-03811-KMK<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Elizabeth Amable and Kaitlyn Amable ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant The New School ("Defendant"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

### NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1. This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at The New School, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees paid, without having their tuition and fees refunded to them.

2. The New School is one of the country's most preeminent private universities, with an enrollment of over 10,000 students. The New School is comprised of five divisions: the Parsons School of Design, the Eugene Lang College of Liberal Arts, The New School for Social Research, the Schools of Public Engagement, and the College of Performing Arts which

consists of the Mannes School of Music, the School of Drama, and the School of Jazz and Contemporary Music.  The New School offers 81 different degree/diploma programs and majors.

3.      Plaintiffs and The New School entered into a contractual agreement where Plaintiffs would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in- person educational services, experiences, opportunities, and other related services to Ms. Kaitlyn Amable.  The terms of the contractual agreement where set forth in publications from The New School, including The New School's Spring Semester 2020 Course Catalog ("Course Catalog").[1]

4.      When Plaintiffs and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020, Plaintiffs and Class Members viewed the Course Catalog to make specific course selections prior to registering and paying for selected courses.

5.      The Course Catalog provided Plaintiffs and Class Members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, and the location (including the building and room number) in which courses would be held.  An exemplar of the Spring Semester 2020 Course Catalog is pasted below:

---

[1] https://web.archive.org/web/20200401205236/https://courses.newschool.edu/ (last visited Aug. 31, 2020)



6. Indeed, the Course Catalog specifically allows for students to search for courses to enroll in based on "Campus," which includes options for "New York City," "Paris," or "Online," as seen below:



7.      Other publications from The New School reference the in-person nature of the Spring Semester 2020 course offerings, including course specific syllabi and The New Schools Policies and Procedures, including the Attendance Statement,[2] which detail the policies, procedures, and expectations of The New School's students.  The Attendance Statement, for example, describes the policies regarding classroom absences.  Students are informed that "[r]egular attendance and class participation are important factors in student learning," and faculty are "expected to articulate this idea," as well as "monitor student progress and attendance regularly."  *Id.*

8.      The New School's Spring 2020 semester commenced on or about January 21, 2020, and concluded on or about May 11, 2020.  Plaintiffs and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services for the entirety of the Spring Semester 2020.

9.      On March 11, 2020, The New School announced on its website that because of the global COVID-19 pandemic, beginning Monday, March 23 (the first day back from Spring Break) all classes would be held remotely until at least April 12, 2020.[3]

10.      On March 12, 2020, The New School announced on its website that for March 13-15, "[a]ll classes and campus activities are canceled, including face-to-face, online, youth and continuing education."[4]  On March 16, 2020, The New School announced on its website that all classes would be conducted online for the remainder of the Spring 2020 semester.[5]

---

[2] https://www.newschool.edu/provost/attendance-taking-policy/ (last visited Aug. 31, 2020).
[3] https://blogs.newschool.edu/community-messages/2020/03/11/coronavirus-covid-19-update-spring-break-and-the-weeks-beyond/ (last visited Aug. 31, 2020).
[4] https://blogs.newschool.edu/community-messages/2020/03/12/coronavirus-covid-19-update-important-update-for-new-york-city-campus/ (last visited Aug. 31, 2020).
[5] https://blogs.newschool.edu/community-messages/2020/03/16/all-classes-for-the-remainder-of-the-semester-will-be-conducted-online/ (last visited Aug. 31, 2020).

4

11.     Thus, The New School did not hold any in-person classes after March 12, 2020. Classes that continued were only offered in an online format, with no in-person instruction.

12.     As a result of the closure of Defendant's facilities, Defendant did not deliver the educational services, facilities, access and/or opportunities that Plaintiffs and the putative class contracted and paid for.  The online learning options offered to The New School students were subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students were deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  The remote learning options were in no way the equivalent of the in-person education that Plaintiffs and the putative class members contracted and paid for.

13.     The New School did not provide in-person education, experiences, or related services for approximately 50% of the Spring Semester 2020.

14.     Nonetheless, The New School has not refunded any tuition or mandatory fees for the Spring 2020 semester.

15.     Plaintiffs and the putative class did not enter into an agreement with The New School for online education, but rather sought to receive in-person education from The New School.  Plaintiffs and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

16.     Plaintiffs seek, for themselves and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees (or at minimum a portion thereof), proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiffs seek a return of these amounts on behalf of

themselves and the Class as defined below.

## PARTIES

17.     Plaintiff Elizabeth Amable is a citizen of New York who resides in Wappinger Falls, New York.  Ms. Elizabeth Amable the parent of an undergraduate student at The New School.  Ms. Elizabeth Amable's daughter was pursuing a Bachelor of Fine Arts Degree in Communication Design.  The Communication Design program at The New School relies extensively on in-person instruction, peer collaboration, and access to The New School's facilities.  None of these resources were available to Ms. Elizabeth Amable's daughter while in-person classes are suspended.  Ms. Elizabeth Amable paid approximately $11,000 in tuition and fees to Defendant for the Spring 2020 semester.  Ms. Elizabeth Amable has not been provided a refund of any tuition monies paid, despite the fact that in-person classes were not held from March 12, 2020 to the conclusion to the Spring 2020 semester.  Ms. Elizabeth Amable has also not been provided a refund of all fees.

18.     Plaintiff Kaitlyn Amable is a citizen of New York who resides in New York, New York.  Ms. Kaitlyn Amable was an undergraduate student at The New School during the Spring 2020 Semester, pursuing a Bachelor of Fine Arts Degree in Communication Design.  The Communication Design program at The New School relies extensively on in-person instruction, peer collaboration, and access to The New School's facilities.  None of these resources were available to Ms. Kaitlyn Amable while in-person classes are suspended.  Ms. Kaityln Amable paid approximately $4,000 in tuition and fees to Defendant for the Spring 2020 semester.  Ms. Kaitlyn Amable has not been provided a refund of any tuition monies paid, despite the fact that in-person classes were not held from March 12, 2020 to the conclusion to the Spring 2020 semester.  Ms. Kaitlyn Amable has also not been provided a refund of all fees.

19.     The fees Plaintiffs paid include a mandatory $600 University Services Fee, a $55 EPP Enrollment Fee, and a mandatory $8 Student Senate Fee.

20.     The "University Services Fee" was described as a "fee [that] covers a range of supportive services for students at The New School."[6]  While the "Student Senate Fee applies to all matriculated students in all programs," in order to maintain and run the Student Senate and affiliated clubs and organizations.  *Id.*

21.     The New School has reduced the University Services Fee to $225 for the 2020-21 Academic Year, during which all Fall 2020 classes will be online.[7]

22.     Prior to beginning the Spring 2020 semester, and prior to paying tuition and fees, Plaintiffs consulted the Course Catalog and enrolled in courses for the Spring 2020 semester.  In consulting the Course Catalog, Plaintiffs understood and believed that every course in which Ms. Kaitlyn Amable enrolled was to be taught in-person.  Plaintiffs' understanding and belief was based on the course specifying an on-campus location where the course would be taught, as well as that the courses were listed as "Campus:  New York City" rather than, "Campus:  Online" on the Course Catalog search function.[8]  Thus, the in-person nature of the courses was part of the benefit of the bargain, and Plaintiffs would not have paid as much, if any, tuition and fees for the Spring 2020 semester at The New School had they known that the courses would not, in fact, be taught in-person.

23.     Indeed, Ms. Kaitlyn Amable's Spring 2020 semester schedule, as seen on her

---

[6] https://web.archive.org/web/20200513215223/https://www.newschool.edu/tuition-fees-billing/current-tuition/# (last visited Aug. 31, 2020).
[7] https://www.newschool.edu/tuition-fees-billing/current-tuition/ (last visited Aug. 31, 2020) & https://www.newschool.edu/year-ahead/ (last visited Aug. 31, 2020).
[8] https://web.archive.org/web/20200401205236/https://courses.newschool.edu/ (last visited Aug. 31, 2020)

student schedule shows that each and every class in which she enrolled was to be taught in-person, at the New York City campus:





24.     Defendant The New School is a private research university with its principal place of business at 66 West 12th Street, New York, NY 10011.

**JURISDICTION AND VENUE**

25.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

26.     This Court has personal jurisdiction over Defendant because it is headquartered in this District, and many of the acts and transactions giving rise to this action occurred in this District.

27.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, and because Defendant is a resident of this District.  Specifically, the contract that is the subject of this action was formed

9

in this District.

## FACTUAL ALLEGATIONS

### *Plaintiffs And Class Members Paid Tuition And Fees For Spring Semester 2020*

28.    Plaintiffs and Class members are individuals who paid the cost of tuition and other fees for the Spring 2020 Semester at The New School.

29.    Spring Semester 2020 classes at The New School began on or about January 21, 2020.  Classes for the semester concluded on or around May 13, 2020.

30.    Plaintiffs and Class members paid the cost of tuition for the Spring Semester 2020.  They also paid other fees associated with the Spring Semester 2020.

31.    Spring 2020 tuition costs at The New School for undergraduate students ranges from approximately $24,380 to $25,230 per semester, with the exception of The Schools of Public Engagement, which costs $1,335 per credit.  The New School also charges mandatory fees for undergraduate students on a per-semester basis, which includes but is not limited to a $600 University Services Fee.

32.    Spring 2020 tuitions costs for graduate students varies on the program of study. Some degree programs charge for full-time tuition whereas other programs charge on a per-credit basis, as depicted in the charts below:

## Parsons School of Design

| Degree Program | Full-Time Tuition | Full-Time Credit Range | Per-Credit Tuition | Maintenance of Status |
|---|---|---|---|---|
| Global Executive SDM | N/A | N/A | $2,185 | $100 |
| MA in Theories of Urban Practice | N/A | N/A | $1,810 | $100 |
| MFA in Photography | N/A | N/A | $1,625 | $100 |
| MS in Strategic Design and Management | N/A | N/A | $1,810 | $100 |
| MPS Fashion Management | N/A | N/A | $1,725 | $100 |
| All other graduate programs* | $25,875 | 12-19 credits | $1,810 | $100 |

## The New School for Social Research

| Degree Program | Full-Time Tuition | Full-Time Credit Range | Per-Credit Tuition | Maintenance of Status |
|---|---|---|---|---|
| MA, MS, and Certificate | N/A | N/A | $2,260 | $100 |
| PhD | N/A | N/A | $2,260 | $1,320 |

## College of Performing Arts

### Mannes School of Music

| Degree Program | Full-Time Tuition | Full-Time Credit Range | Per-Credit Tuition | Maintenance of Status |
|---|---|---|---|---|
| MA in Arts Management and Entrepreneurship | $23,765 | 9+ credits | $1,680 | N/A |
| Master of Music | $23,765 | 9-17 credits | $1,680 | N/A |
| Professional Studies Diploma | $16,845 | 9-12 credits | $1,680 | N/A |

33.     The tuition and fees described in the paragraph above is provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

### *In Response To COVID-19, The New School Cancelled All In-Person Classes*

34.     On March 16, 2020, The New School announced that because of the global COVID-19 pandemic, beginning Monday, March 23 (the first day back from Spring Break) all classes for the remainder of the Spring 2020 Semester would be held remotely.

35.     From March 12, 2020 through the end of the Spring Semester 2020, The New School did not hold any in-person classes.  As of Sunday, March 22, most campus buildings have been closed until further notice.  Classes that continued were only been offered in an online format, with no in-person instruction.  Even classes for students with concentrations in areas where in-person instruction is especially crucial (such as music, theatre, design, and visual arts) have only had access to minimum online education options.

36.     As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiffs and the putative class contracted and paid for.  Plaintiffs and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

37.     Plaintiffs and members of the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

38.     Defendant markets its on-campus experience as a benefit of enrollment on The

New School's website:

> Find your community. Build lifelong friendships with students who share your interests, passions, and perspectives. Whether you're on our main campus in New York City or our Parsons Paris campus, the boundaries of the classroom dissolve as the city becomes your studio, rehearsal space, and research center.
>
> **EXPLORE TOGETHER**

39.     The online learning options being offered to The New School students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

40.     The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for.  The remote education being provided is not even remotely worth the amount charged class members for Spring Semester 2020 tuition. The tuition and fees for in-person instruction at The New School are higher than tuition and fees for its online certificate programs because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

- Access to facilities such as libraries, laboratories, computer labs, and study room;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation;

- Networking and mentorship opportunities.

13

41.     Through this lawsuit Plaintiffs seek, for themselves and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiffs seek return of these amounts on behalf of themselves and the Class as defined below.

## CLASS ALLEGATIONS

42.     Plaintiffs seek to represent a class defined as all people who paid The New School Spring Semester 2020 tuition and/or fees for in-person educational services that The New School failed to provide, and whose tuition and fees have not been refunded (the "Class").  Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

43.     Plaintiffs also seek to represent a subclass consisting of Class members who reside in New York (the "Subclass").

44.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

45.     **Numerosity.**  The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiffs reasonably estimates that there are tens of thousands of members in the Class and Subclass.  Although the precise number of Class

members is unknown to Plaintiffs, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

46.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)     whether Defendant accepted money from Class and Subclass members in exchange for the promise to provide services;

(b)     whether Defendant has provided the services for which Class and Subclass members contracted; and

(c)     whether Class and Subclass members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide.

(d)     whether Defendant has unlawfully converted money from Plaintiffs, the Class and Subclass; and

(e)     whether Defendant is liable to Plaintiffs, the Class, and Subclass for unjust enrichment.

47.     **Typicality.**  Plaintiffs' claims are typical of the claims of the other members of the Class in that, among other things, all Class and Subclass members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendants that are unique to Plaintiffs.

48.     **Adequacy of Representation.**  Plaintiffs will fairly and adequately protect the interests of the Class and Subclass.  Plaintiffs have retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiffs intend to vigorously prosecute this action on behalf of the Class and Subclass.  Furthermore, Plaintiffs have no interests that are antagonistic to those of the Class or Subclass.

49.     **Superiority.**   A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class and Subclass members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if Class or Subclass members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

50.     In the alternative, the Class and Subclass may also be certified because:

(a)     the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b)     the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)     Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### Breach Of Contract
### (On Behalf Of The Class And Subclass)

51.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

52.     Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendants.

53.     Plaintiffs and Defendant entered into a contractual relationship where Plaintiffs would provide payment in the form of tuition and fees, and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services. The terms of the parties' contractual relationship are set forth in publications from Defendant, including the Spring Semester 2020 Course Catalog.[9]

54.     When Plaintiffs and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020, Plaintiffs

---

[9] https://web.archive.org/web/20200401205236/https://courses.newschool.edu/ (last visited Aug. 31, 2020)

and Class Members viewed the Course Catalog to make specific course selections prior to registering and paying tuition and fees for those selected courses.  Defendant's Course Catalog constitutes an offer to enter a contractual agreement.

55.     The Course Catalog provided Plaintiffs and Class Members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, and the location (including the building and room number) in which the courses would be held.

56.     Indeed, the Course Catalog search function allowed students to search and register for classes based on "Campus" and then search for "New York City," "Paris," or "Online."

57.     As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above.  Plaintiffs, Class, and Subclass members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class and Subclass members were entitled to in-person educational services through the end of the Spring Semester.

58.     Defendant materially breached the parties' contractual agreement by failing to provide in-person education services for the entirety of the Spring Semester 2020.  The provisions of the contract breached by Defendant include, but are not limited to, the provision setting forth the details of in-person educational services as described in the Spring Semester 2020 Course Catalog.  The Spring Semester 2020 Course Catalog indicated classes would be administered in an in-person, on-campus setting.  The Course Catalog did not make any reference to the administration of these courses in an online format.

59.     Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above by failing to provide in-person educational services from March 12, 2020 through the end of the Spring 2020 semester.  Defendant has retained monies paid by Plaintiffs and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

60.     Plaintiffs and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

61.     As a direct and proximate result of Defendant's breach, Plaintiffs, the Class, and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but no be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since The New School has not held in-person classes since March 12, 2020.

62.     Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided.  Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

63.     Therefore, Defendant should return a pro-rata share of the tuition and fees paid by Plaintiffs and Class Members that relate to those in-person educational services that were not provided after The New School shut down on or around March 12, 2020.  In-person educational services were not provided for approximately 50% of the Spring Semester 2020.

## COUNT II
## Unjust Enrichment
## (On Behalf Of The Class And Subclass In The Alternative)

64.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

65.     Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendant.

66.     Plaintiffs and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January 2020 through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

67.     Defendant voluntarily accepted and retained this benefit by accepting payment.

68.     Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.  Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since The New School has not held in-person classes since March 12, 2020.

69.     It would be unjust and inequitable for Defendant to retain the benefit conferred by Plaintiffs' and the Class Members' overpayments.

70.     Defendant should be required to disgorge all profits resulting from such overpayments and establish a constructive trust from which Plaintiffs and Class Members may seek restitution.

**COUNT III**
**Conversion**
**(On Behalf Of The Class And Subclass)**

71.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

72.     Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendant.

73.     Plaintiffs and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

74.     Defendant intentionally interfered with the rights of Plaintiffs, the Class, and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

75.     Plaintiffs and members of the Class and Subclass demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since The New School has not held in-person classes since March 12, 2020.

76.     Defendant's retention of the fees paid by Plaintiffs and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiffs, Class and Subclass members of the benefits for which the tuition and fees paid.

77.     This interference with the services for which Plaintiffs and members of the Class and Subclass paid damaged Plaintiffs and Class members in that they paid tuition and fees for services that will not be provided.

78.     Plaintiffs, Class and Subclass members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since

The New School has not held in-person classes since March 12, 2020.

**COUNT IV**
**Money Had And Received**
**(On Behalf Of The Class And Subclass)**

79.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

80.     Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendant.

81.     Plaintiffs and members of the Class and Subclass paid monetary funds to Defendant for tuition and fees for the Spring Semester 2020.

82.     Defendant has retained the monies paid by Plaintiffs and members of the Class and Subclass for the Spring Semester 2020 while not providing in-person educational services, activities, opportunities, resources, and facilities for which those monies were paid.

83.     Defendant is in possession of and holds money that belongs to Plaintiffs and the members of the Class and Subclass in equity and good conscience.

84.     Defendant has been unjustly enriched by its retention of the funds Plaintiffs and the members of the Class and Subclass paid Defendant for tuition and fees, and it is unconscionable for Defendant to retain funds to which it is not entitled.

85.     Defendant's unlawful retention of Plaintiffs' and Class Members' and Subclass Members' funds has damaged Plaintiffs and the members of the Class.

Defendant owes Plaintiffs and members of the Class and Subclass for money had and received, including, but not limited to, the amount of Plaintiffs' and Class Members' and Subclass Members' pro-rated tuition and fees for the Spring Semester 2020

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated,

seeks judgment against Defendant, as follows:

(a)    For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Subclass and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass;

(b)    For an order finding in favor of Plaintiffs and the Class and Subclass on all counts asserted herein;

(c)    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)    For prejudgment interest on all amounts awarded;

(e)    For an order of restitution and all other forms of equitable monetary relief;

(f)    For injunctive relief as pleaded or as the Court may deem proper; and

(g)    For an order awarding Plaintiffs and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated:  September 2, 2020                          Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    _/s/ Philip L. Fraietta_
            Philip L. Fraietta

Philip L. Fraietta
Alec M. Leslie
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com
            aleslie@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot *(pro hac vice* app. forthcoming*)*
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiffs*