# JacksonLewis

**Jackson Lewis P.C.**
44 South Broadway, 14th Floor
White Plains NY  10601
(914) 872-8060 Main
(914) 946-1216 Fax
jacksonlewis.com

September 9, 2021

VIA EMAIL: pfraietta@bursor.com
Philip L. Fraietta, Esq.
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019

Re:  **Elizabeth Amable and Kaitlyn Amable v. The New School**
     **Case No. 7:20-CV-03811-KMK**

Dear Mr. Fraietta:

As you know, we represent Defendant The New School in the above-referenced matter.  In accordance with Rule II(A) of the Individual Rules of Practice of the Honorable Kenneth M. Karas, this letter is to inform you that Defendant intends to seek leave from the Court to file a motion to dismiss Plaintiffs' Second Amended Class Action Complaint And Demand For Jury Trial ("Second Amended Complaint") pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiffs' additional and revised allegations are inadequate to remedy the deficiencies in their claims for breach of contract and unjust enrichment.  Therefore, as explained below, the Second Amended Complaint fails to state a claim upon which relief may be granted, and should be dismissed as a matter of law.

## *Preliminary Statement*

Plaintiff Kaitlyn Amable was enrolled in The New School's Spring 2020 Semester.[1]  In mid-March, like almost every other institution of higher learning in the country, and every school located in the State of New York, The New School was forced to transition to a virtual learning environment as a result of the COVID-19 pandemic.  Despite this fact, The New School enabled Ms. Amable to complete the Spring 2020 Semester by continuing her courses remotely.  Notably, Ms. Amable did not withdraw or attempt to withdraw from school, and she completed her courses and accepted the credits toward her degree.  Plaintiffs purportedly seek to recoup some unquantifiable sum of money that they claim to be owed as a result of The New School's shift to virtual learning for the remainder of the Spring 2020 Semester.  Plaintiffs bring their two causes of action on a putative class basis and seek to represent all individuals (excluding certain school personnel) who paid tuition and fees for in-person classes during The New School's Spring 2020 Semester.

By Opinion & Order dated July 27, 2021, Judge Karas granted The New School's motion to dismiss Plaintiffs' First Amended Complaint.  (Doc. No. 36, 2021 U.S. Dist. LEXIS 139853). Plaintiffs' additional allegations in the Second Amended Complaint do not cure the shortcomings

---

[1]  Elizabeth Amable does not have standing to sue and is not a proper plaintiff in this matter merely because she alleges she paid tuition and fees to The New School on behalf of her daughter.  Romankow v. N.Y. Univ., Case No. 20-CV-4616, 2021 U.S. Dist. LEXIS 76760, at *7 (S.D.N.Y. Apr. 21, 2021) (concluding, like many other courts, parental standing lacking in the context of tuition and fees litigation where premised upon payment of tuition for non-minor child student).

**JacksonLewis**

Philip L. Fraietta, Esq.
Bursor & Fisher, P.A.
September 9, 2021
Page 2

already identified by the Court. Plaintiffs' claims are deficient as a matter of law, and the Second Amended Complaint should be dismissed as a result.

## I. *PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF CONTRACT.*

Plaintiffs have failed to assert a viable breach of contract cause of action for a number of reasons. As an initial matter, Plaintiffs still fail to point to any specific agreement or document wherein The New School promised to provide solely on-campus, in-person instruction for the entirety of the Spring 2020 Semester regardless of the circumstances (including during a global pandemic). That is because no such commitment exists.

As the Court previously noted, for a student to state a viable breach of contract claim against a school "the student must point to a provision that guarantees 'certain specified services.'" Amable, 2021 U.S. Dist. LEXIS 139853 at *17. In their Second Amended Complaint, Plaintiffs claim that the contractual requirement to provide solely in-person classes arises from The New School's Spring Semester 2020 Course Catalog, the Attendance Statement in The New School's Policies and Procedures, and The New School's marketing materials found on its website.[2] However, each of these documents contain no language prohibiting The New School from changing the location, time, or modality of any particular class as may be required from time to time. Specifically, the in-person description in the Course Catalog does not amount to an obligation barring the continuation of classes virtually—never mind a legally binding one—especially in the midst of a pandemic. Similarly, there are no statements within The New School's Attendance Statement that make any distinction between in-person and virtual attendance; the Attendance Statement simply evidences The New School's attendance expectations in whatever format classes are being offered. Likewise, Plaintiffs' references to the Spring Semester 2020 Course Catalog and the Attendance Statement are rendered further infirm in light of the "Your Right To Know" section of The New School's website,[3] which specifically explains:

> The information included in the catalogs and all materials of the university represents the plans of The New School at the time they are made public. The university reserves the right to change without notice any content in its print or online materials, including but not limited to tuition, fees, policies, degree programs, names of programs, course offerings, academic activities, academic requirements, facilities, faculty, and administrators. Payment of tuition and attendance of classes constitute acceptance of university policies set forth on this page and in the catalogs and other pages linked from it.

Finally, although The New School's website references the facilities available to students when on campus, there is no promise to unconditional access, at all times, under any circumstances, nor did The New School charge a lower rate for the online versions of the same course offered

---

[2] Plaintiffs fail to identify whether the Second Amended Complaint references to The New School's website is to its current content (which would be irrelevant to their claims), as opposed to the website as it existed at the time Plaintiff Kaitlyn Amable decided to register prior to the Spring 2020 Semester.

[3] The New School, *Your Right to Know*, NEWSCHOOL.EDU, https://www.newschool.edu/about/university-resources/right-to-know/ (last visited Sept. 9, 2021).

Case 7:20-cv-03811-KMK   Document 38   Filed 09/09/21   Page 3 of 5

**JacksonLewis**

Philip L. Fraietta, Esq.
Bursor & Fisher, P.A.
September 9, 2021
Page 3

in-person or make participation in either mutually exclusive. Instead, The New School's marketing and promotional statements are classic marketing "'puffery' that is 'too vague to be enforced as a contract.'" Amable, 2021 U.S. Dist. LEXIS 139853 at *17 (quoting Morales v. New York Univ., Case No. 20-CV-4418(GBD), 2021 U.S. Dist. LEXIS 50333, at *3 n. 1 (S.D.N.Y. Mar. 17, 2021)). In fact, where there is no express promise that the location of a course is not subject to change, there can be no claim for breach of contract. Hassan v. Fordham Univ., Case No. 20-CV-3265(KMW), 2021 U.S. Dist. LEXIS 16541, at *6 (S.D.N.Y. Jan. 28, 2021).

Thus, there is no basis for Plaintiffs to argue that any statement within the Spring Semester 2020 Course Catalog, Attendance Statement, or online marketing materials created any contractual obligation for The New School to provide classes in a solely in-person format for the entirety of the Spring 2020 Semester. In addition to Your Honor in connection with The New School's prior motion with respect to Plaintiffs' First Amended Complaint, other courts in this district have reached the same conclusion on similar allegations. See Hassan, 2021 U.S. Dist. LEXIS 16541, at *4-6; Fedele v. Marist College, Case Nos. 20-CV-3559(VB), 20-CV-3584(VB), 2021 U.S. Dist. 150094, at *12-13 (S.D.N.Y. Aug. 10, 2021); In re Columbia Tuition Refund Action, Case Nos. 20-CV-3208 (JMF), 20-CV-3210(JMF), 2021 U.S. Dist. 36659, at *10-14 (S.D.N.Y. Feb. 26, 2021); Zagoria v. New York Univ., Case No. 20-CV-3610(SLC), 2021 U.S. Dist. LEXIS 50329, at *8-9 (S.D.N.Y. Mar. 17, 2021).

Plaintiffs' breach of contract cause of action also must fail because they do not allege any quantifiable damage resulting from The New School's alleged breach of an agreement to provide in-person classes. Plaintiffs' nebulous claim that virtual classes were somehow subpar is insufficient to establish the damages element of a breach of contract cause of action. See Getko Grp., Inc. v. Amica Mut. Ins. Co., Case No. 03-CV-5876(VM), 2003 U.S. Dist. LEXIS 19238, at *6 (S.D.N.Y. Oct. 28, 2003) ("[D]amages may not be merely speculative, possible or imaginary, but must be reasonably certain and directly traceable to the breach, not remote or the result of other intervening causes.") (citing Kenford Co. v. Erie County, 67 N.Y.2d 257 (1986)). Additionally, The New School charged the same tuition rate for in-person and online degree courses. Finally, as The New School has returned a *pro rata* portion of the housing and dining fees collected for the Spring 2020 Semester, Plaintiffs suffered no damages in that regard either.[4]

Even if Plaintiffs were capable of establishing the required elements of a breach of contract cause of action, the claim also cannot be sustained due to the doctrine of impossibility of performance. "It is well settled New York law that impossibility excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible. Moreover, the impossibility must be produced by an unanticipated event

---

[4] The only fees paid on behalf of Kaitlyn Amable for the Spring 2020 Semester that were not partially refunded were the university services fee, the student senate fee, and the EPP Enrollment Fee. The university services fee covers the costs of various student conveniences, such as lifetime access to e-transcripts and e-diplomas and replacement ID cards. The student senate fee funds various initiatives by the student senate. The EPP Enrollment Fee is charged to students who enter into a deferred tuition payment plan to cover various costs associated with administration of managing and processing the payment plan. Since none of these items were affected in any manner by the closure of The New School's campus, the university properly retained them. Although Plaintiffs note that The New School reduced the university services fee for the Fall 2020 Semester, this reduction was unrelated to the shift to virtual learning. In fact, students who registered solely for online courses for the Spring 2020 Semester paid the same university services fee as the students who registered for classes that were intended to be taught in-person.

**JacksonLewis**

Philip L. Fraietta, Esq.
Bursor & Fisher, P.A.
September 9, 2021
Page 4

that could not have been foreseen or guarded against in the contract." Chase Manhattan Bank v. Traffic Stream Infrastructure, 52 Fed. App'x 528, 530 (2d Cir. 2002) (quoting Kel Kim Corp. v. Cent. Mkts., Inc., 70 N.Y.2d 900, 902 (1987)). The COVID-19 pandemic, which resulted in Governor Cuomo issuing multiple Executive Orders prohibiting all in-person classes within the State of New York, unquestionably made it impossible for The New School to continue to provide in-person, on-campus classes. Accordingly, Plaintiffs will be unable to advance their breach of contract cause of action because the performance Plaintiffs seek (in-person, on-campus classes) was impossible.

Finally, even if The New School breached some contractual obligation to provide in-person, on-campus classes to Plaintiff Kaitlyn Amable, any such claim was waived because she remained enrolled, continued to attend classes remotely, and accepted the associated educational services and credits towards her degree. See Emerson Elec. Co. v. Asset Mgmt. Assocs., Case No. 08-CV-1489 (TCP) (AKT), 2012 U.S. Dist. LEXIS 39442, at *7 (E.D.N.Y. March 20, 2012) ("Acceptance of benefit under the contract with knowledge of the wrong constitutes a waiver of the wrong."). It is axiomatic that Plaintiffs cannot accept the benefit of the academic instruction (i.e., the learning and credits received) obtained from the university, but yet seek to avoid their obligation to pay tuition for same.

## II.     PLAINTIFFS FAIL TO STATE A CLAIM FOR UNJUST ENRICHMENT.

Plaintiffs' unjust enrichment cause of action is based upon the exact same allegations, and seeks to recover the same damages, as their breach of contract cause of action. For that reason alone, Plaintiffs' unjust enrichment cause of action should be dismissed as duplicative of Plaintiffs' breach of contract cause of action. In re Columbia Tuition Refund Action, 2021 U.S. Dist. LEXIS 36659 at *28 ("Courts in this District have previously dismissed unjust enrichment claims that were indistinguishable from contract claims pleaded in the alternative in the same complaint."); Zagoria, 2021 U.S. Dist. LEXIS 50329 at *13 ("New York law does not permit recovery on a quasi-contract claim such as unjust enrichment if the parties have a valid, enforceable contract that governs the same subject matter as the quasi-contract claim."). Plaintiffs' Second Amended Complaint is no different from the First Amended Complaint in this regard.

Moreover, Plaintiffs' unjust enrichment cause of action also will fail because there are no nonconclusory allegations that The New School was enriched at Plaintiffs' expense and that "equity and good conscience require restitution." Orange County Choppers, Inc. v. Olaes Enters., 497 F. Supp. 2d 541, 557 (S.D.N.Y. 2007). In analyzing unjust enrichment causes of action, New York courts look to "whether the defendant's conduct was tortious or fraudulent." Paramount Film Distrib. Corp. v. State, 30 N.Y.2d 415, 421 (1972); Clark v. Daby, 300 A.D.2d 732, 733 (3d Dep't 2002) (same). The New School did not reap any benefit by transitioning to distance learning for the remainder of the Spring 2020 Semester. The New School was not able to suddenly reduce payments to its faculty and staff or other fixed costs for the Spring 2020 Semester as a result of being forced to convert to virtual learning for the remaining weeks of the semester, with little to no prior notice. Instead, The New School worked feverishly and invested substantial resources to devise a plan that would allow all of its students, who already had devoted half of the semester to their courses, to complete the semester and earn credits toward their degrees.

* * * * *

**JacksonLewis**

Philip L. Fraietta, Esq.
Bursor & Fisher, P.A.
September 9, 2021
Page 5

Based on the forgoing, The New School requests that Plaintiffs voluntarily withdraw and dismiss their Second Amended Complaint. In the event that Plaintiffs decline to do so, The New School intends to seek leave to file a motion to dismiss the Second Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Very truly yours,

JACKSON LEWIS P.C.

/s/ Jonathan M. Kozak
Jonathan M. Kozak
914-872-6885
jonathan.kozak@jacksonlewis.com


cc:     Hon. Kenneth M. Karas (*via ECF*)